# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DIEKEMPER, #07986-026 )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES of AMERICA , )<br>)<br>Respondent/Plaintiff. ) | CIVIL NO. 11-cv-154-GPM<br><br>CRIMINAL NO. 08-cr-30139 |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. From May 2004 to January 2008, Petitioner engaged in acts that defrauded his creditors, the Bankruptcy Court, and the U.S. Department of Agriculture. Petitioner accomplished this by undervaluing property, hiding assets so they could not be located, titling property in the names of other individuals, making cash withdrawals from his bank account without reporting the transactions, making false statements in order to obtain money from the U.S. Department of Agriculture, and other related actions. On November 26, 2008, Petitioner pleaded guilty to bankruptcy fraud, conspiracy to commit mail fraud, making false statements to authorities, and perjury, in violation of 18 U.S.C. § 371; 18 U.S.C. §§ 1341, 1349; 15 U.S.C. § 714m(a); and 18 U.S.C. § 1621(1), respectively. On April 13, 2009, Petitioner was sentenced to 120 months imprisonment, 3 years supervised release, and a special assessment of $400.

Petitioner appealed to the Seventh Circuit. *United States v. Diekemper,* 604 F.3d 345 (7th Cir. 2010). Petitioner first argued that his co-conspirator-wife's probation condition that she refrain from contact with him for two years violated his fundamental right to a martial relationship. The Seventh Circuit dismissed this claim because it involved a final judgment in a case other than his

own, and Petitioner has standing to appeal only his own case. *Id.* at 350-51. Next Petitioner argued that Judge Murphy, the undersigned Judge for this motion as well as Petitioner's criminal proceedings, should have recused himself, claiming that statements made by the undersigned during Petitioner's and his wife's sentencings indicated bias. Petitioner had not filed mandamus for this claim at the time he became aware of the alleged bias, as is required for review. Further, the Seventh Circuit found that "the district court judge was neither biased for purposes of [28 U.S.C.] § 455(a) nor unable to render fair judgment under § 455(b). *Id.* at 353. Petitioner's appeal on that issue also failed.

Petitioner next argued that the sentencing enhancement based on his leadership role in the conspiracy was inappropriate. The Seventh Circuit pointed out that the enhancement at issue was appropriate where the defendant is "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[,]" and Petitioner had admitted that he was an organizer and leader. *Id., quoting* U.S. SENTENCING GUIDELINES MANUAL § 3B1.1 (2008). The Seventh Circuit noted that Petitioner's "conduct took place over several years, involved the assistance of many participants, was carefully orchestrated, and involved continual fraud upon the system," so it "certainly" merited the leadership enhancement. *Id.* at 355. Finally, Petitioner argued that this Court failed to consider Petitioner's mitigating circumstances when determining an appropriate sentence, including his criminal history, age, and family. The Seventh Circuit found that it was clear from the sentencing transcript that this Court did consider those circumstances, but ultimately elected to impose the sentence that it did despite those circumstances. *Id.* Ultimately, the Seventh Circuit affirmed this Court's ruling, finding all of Petitioner's bases for appeal to be without merit. *Id.* at 356. Petitioner's did not file an application for a writ of certiorari to the Supreme Court

of the United States.

**Pending Motions:**

Petitioner has several outstanding motions, in addition to his motion for § 2255 relief. First, Petitioner filed a motion to expedite on March 17, 2011, in which he asks the Court to expedite review of his § 2255 motion (Doc. 3). This order addresses the concerns contained in that motion, and it is therefore **DENIED** as moot.

Petitioner next makes a motion to withdraw a motion to amend, filed on June 28, 2011 (Doc. 5). On March 17, 2011, Petitioner filed a motion to amend with this Court, requesting leave to amend his § 2255 motion before review (Doc. 2). This motion was granted on June 15, 2011 (Doc. 4). However, Petitioner now claims that it was not his intention to amend his § 2255 motion, and that he wishes the Court to review the motion originally filed with this Court. Petitioner timely alerted the Court of his intentions, and therefore this motion to withdraw (Doc. 5) is **GRANTED**. This Court will review the § 2255 motion filed on February 28, 2011 (Doc. 1).

In his § 2255 motion, Petitioner attempts to make a motion requesting that the undersigned Judge recuse himself from the pending action (Doc. 1, p. 5). Petitioner claims that this is necessary because of "an apparent conflict of interest and obvious impartiality [sic.] . . . ."*Id.* Petitioner further claims that this Judge's "personal feelings and knowledge of [trial counsel's] law firm" will make him biased in regards to Petitioner's current ineffective assistance of counsel claims.

Recusal of a Federal Judge because of bias or prejudice is governed by 28 U.S.C. § 455(a), which states that a judge must recuse him or herself from a proceeding where "impartiality might reasonably be questioned" and another judge shall be assigned in his or her stead. Petitioner claims that statements this Judge made during the proceedings indicate a bias in favor of counsel.

3

Specifically, the Court told Petitioner's counsel that he holds counsel's "law firm in the highest esteem." (CR Doc. 108 P. 32). The Court stated that counsel was present in the courthouse "on a regular basis" and that the Court "t[ook] [counsel's] arguments seriously." (CR Doc. 108 P. 32).

As the Seventh Circuit explained in its order affirming Petitioner's conviction and sentencing, a motion for recusal must be made by the filing of mandamus, which Petitioner has not done. *Diekemper,* 604 F.3d at 351. Instead, Petitioner briefly mentions the issue of bias, buried in the pages of his § 2255 motion. However, even had Petitioner followed the proper procedure, he has not shown that he is at risk of experiencing any bias in the proceeding. Many attorneys have argued before this Court, giving the undersigned Judge knowledge and opinions of many law firms. Favorable statements made by the Court regarding the reputation of counsel do not bring the ability of the undersigned to be impartial into question. Thus, Petitioner's mention of bias in his § 2255 motion, liberally construed as a motion for recusal, is **DENIED**.

**Current § 2255 Motion:**

Petitioner filed the § 2255 motion currently before the Court on February 28, 2011. In this motion, Petitioner raises a claim for ineffective assistance of counsel. Petitioner claims that counsel failed to: inform him of the pros and cons of going to trial versus engaging in plea negotiations; gather information of prior bankruptcy proceedings; conduct relevant research; advise Petitioner of the applicable law; communicate effectively with Petitioner; include Petitioner in plea negotiations or explain their consequences, including waivers; give Petitioner a choice to reject the plea agreement; counsel on possible sentences and/or enhancements before Petitioner entered into a plea of guilty; and failed to provide sound advice on appeal. Petitioner also claims he was denied due

4

process when counsel failed to: object to Magistrate Judge Clifford Proud's alleged failure to specify the charges and statutes violated; list the elements of the charges and what burden would be carried by which party; ensure that Petitioner was aware of the conduct to which he was pleading guilty; require the government to produce its evidence before the plea agreement was entered into; inform Petitioner of his right to object to the report and recommendation within 10 days and the consequences of failing to object; and explain the waivers contained in the plea agreement to Petitioner. Additionally, Petitioner claims that counsel failed to argue that Petitioner's sentence was invalid–specifically, counsel failed to argue that the enhancement was based on a faulty (though "otherwise extensive") argument by the Government. Petitioner argues that he was, in fact, not attempting to defraud anyone, but only filed bankruptcy on advice of counsel. According to Petitioner, the Court failed to consider Petitioner's mitigating circumstances and should have considered Petitioner's gambling addiction as a mental illness.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED:** 7/27/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
